IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LORA A. ORAND,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

        Defendant.

Case No. CIV-08-482-RAW

**REPORT AND RECOMMENDATION**

Plaintiff Lora A. Orand (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 7, 1973 and was 34 years old at the time of the entry of the ALJ's decision. Claimant completed her high school education. Claimant has no past relevant work experience. Claimant alleges an inability to work beginning April 12, 2004 due to dizziness, headaches, vision problems, back pain, chest pain, skin sensitivity, panic and anxiety attacks, shortness of breath, feelings of worthlessness, numbness in her extremities,

3

nausea, bowel and bladder incontinence, memory and concentration problems, muscle spasms in her back and legs, swelling in her hands, feet, and legs, and the inability to sit, stand or walk.

## Procedural History

On December 13, 2004, Claimant protectively filed for supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, et seq.). Claimant's application was denied initially and upon reconsideration. On September 14, 2007, a hearing was held before ALJ Lantz McClain in Sallisaw, Oklahoma. By decision dated October 26, 2007, the ALJ found that Claimant was not disabled during the relevant period. On October 29, 2008, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity to perform a full range of light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) denying

4

Claimant's request for a psychological consultative examination; (2) mechanically applying the GRIDS despite the alleged presence of non-exertional limitations; and (3) improperly evaluating Claimant's subjective complaints of pain.

**Necessity of Consultative Examination**

Claimant asserts the ALJ improperly denied her request for a psychological consultative examination. Claimant's mental condition first manifested in the medical record in a December 6, 2001 visit to Dr. Bryan Clardy. Dr. Clardy diagnosed Claimant with "depressive symptomatology" and prescribed Effexor. (Tr. 109-10). She was diagnosed with anxiety and depression by Dr. B. Don Schumpert on July 14, 2003. (Tr. 126). On September 20, 2006, Dr. Bruce A. Darrow diagnosed Claimant as being "neurologically impaired with emotional thought disorder or dysphoria." (Tr. 192). On October 25, 2006, Claimant was diagnosed by Dr. Darrow with mastodynia/mastoplasia with psychiatric dysphoria and dependent personality with hysteroid characteristics to her neurosis. (Tr. 189).

Claimant also testified and provided statements concerning her mental status. She expressed "feelings of worthlessness" which made her "not want to be around others." (Tr. 88). She stated she does not "want to go anywhere or do anything." (Tr. 61). Claimant reported difficulty concentrating or getting along with others,

stating she "just don't want to be around anyone." (Tr. 88).

At the administrative hearing, Claimant's representative requested that the ALJ order a psychological consultative examination. The representative was particularly concerned with whether Claimant met Listing 12.07 for somatoform disorders. (Tr. 385). The ALJ took the request under advisement. Id. However, no consultative examination was ever ordered.

The ALJ has a duty to fully and fairly develop the record as to material issues. Baca v. Dept. of Health & Human Servs., 5 F.3d 476, 479-80 (10th Cir. 1993). To serve that end, the ALJ has broad latitude in ordering consultative examinations. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997). If a conflict in the medical evidence exists or if that evidence is inconclusive, a consultative examination may be required. Id. In this case, the medical evidence is, at best, inconclusive. The diagnoses cover a broad spectrum, from neurological impairments to symptomatic of her physical condition. The ALJ discussed Claimant's alleged mental impairments in his decision, but characterized her mental condition as being "mild" and causing a "minimal limitation." (Tr. 15-16). However, the ALJ only discussed the medical evidence with supported such a finding without discussing the more severe diagnosis of Dr. Darrow. The record must demonstrate that the ALJ considered all of the evidence, including the uncontroverted evidence he chooses not

6

to rely upon, as well as significantly probative evidence he rejects. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The ALJ states "[t]here is no evidence that the claimant has ever been diagnosed with anxiety or panic attacks." (Tr. 15). This statement alone ignores the diagnosis of Dr. Schumpert. On remand, the ALJ shall re-evaluate the need for a consultative mental health examiner and consider the totality of this evidence which bears on Claimant's mental status.

## Application of the GRIDS and Claimant's Credibility

Claimant next contends the ALJ mechanically applied the GRIDS in her case, despite the presence of non-exertional impairments. The ALJ concluded in his decision that "[b]ased on a residual functional capacity for the full range of light work, considering the claimant's age, education, and work experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 202.20." (Tr. 20). Claimant's argument rests on the assumption that the ALJ's credibility determination was erroneous, as he discounted Claimant's claims of pain. Pain represents the non-exertional impairment which Claimant asserts precludes the application of the GRIDS.

The use of the grids is not appropriate unless the ALJ finds "(1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC

7

level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). "[D]isability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Furthermore, "the mere presence of a nonexertional impairment does not automatically preclude reliance on the grids." Channel v. Heckler, 747 F.2d 577 at 582 n.6 (10th Cir. 1984). The presence of nonexertional impairments precludes reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant. Id.

While it is clear Claimant suffers some pain, this Court finds no error in the ALJ's assessment of Claimant's credibility. His finding that the treating medical professionals found no basis for the level of pain she claimed is supported by the record. On May 10, 2006, Dr. William Willis found her MRI to be essentially normal, despite Claimant's pain assertions. He prescribed medication "with the apparent absence of any pathology." (Tr. 194). The lack of supporting evidence may be relied upon to discount Claimant's subjective complaints. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992). This Court, therefore, finds no error in the ALJ's application of the GRIDS or discounting of

Claimant's credibility with regard to the pain she alleges. The ALJ's application of the GRIDS may be reconsidered on remand, should his opinion of Claimant's mental condition change.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings consistent with this Report and Recommendation. The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE